[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 419.]

TOLEDO BAR ASSOCIATION *v.* DEWEY.

[Cite as *Toledo Bar Assn. v. Dewey*, 2001-Ohio-202.]

*Attorneys at law—Misconduct—Public reprimand—Communicating on the subject of representation with a party known to be represented by another lawyer.*

(No. 01-371—Submitted April 2, 2001—Decided July 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-43.

_____

*Per Curiam.*

{¶ 1} On June 5, 2000, relator, Toledo Bar Association, filed a complaint charging that respondent, Ronald D. Dewey of Toledo, Ohio, Attorney Registration No. 0061193, violated DR 7-104(A)(1) (while representing a client, a lawyer shall not communicate on the subject of the representation with a party known to be represented by another lawyer). Respondent failed to answer, and the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") referred the matter to Master Commissioner Harry W. White to rule on relator's motion for default.

{¶ 2} Based on affidavits attached to relator's motion and an April 2000 show cause hearing, the master commissioner found that in March 1999, respondent represented a land-contract vendee in default on her payments who had arranged for a loan to discharge the balance owed to the vendors. To conclude the loan to the vendee, the mortgage lender required that the land-contract vendors sign certain documents. Respondent knew that the vendors were represented by counsel. Discovering that the land-contract vendors' attorney was out of town, respondent telephoned the vendors and demanded that they execute the necessary documents

for the mortgage company or he would sue the vendors on behalf of his client for thousands of dollars. The mortgage company had threatened to cancel the loan commitment unless the documents were executed on that day. Ultimately, the transaction was effected.

{¶ 3} Although he did not file a responsive pleading to the complaint, at the April show-cause hearing respondent claimed that the vendors wanted to recover the property and therefore did not want the default cured. He further suggested that this grievance was filed with the Toledo Bar Association in retaliation. Respondent denied that he spoke with the vendors.

{¶ 4} The master commissioner found the facts as pleaded and concluded that because respondent had contacted a party who he knew was represented by counsel, he violated the Disciplinary Rule as charged. The master commissioner recommended that respondent receive a public reprimand. The board adopted the findings, conclusion, and recommendation of the master commissioner.

{¶ 5} On review of the record, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Catherine G. Hoolahan* and *William C. Eickholt,* for relator.

_____