[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 148.]

TOLEDO BAR ASSOCIATION *v.* DEWEY.

[Cite as *Toledo Bar Assn. v. Dewey*, 2002-Ohio-3608.]

*Attorneys at law—Misconduct—Two-year suspension with final year stayed on conditions—Communicating directly with another party in a juvenile proceeding about the substance of the case knowing that the other party was represented by counsel—Failing to cooperate in disciplinary process by ignoring several inquires concerning a grievance arising from attorney's actions.*

(No. 2002-0324—Submitted May 8, 2002—Decided July 31, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-43.

————————————

**Per Curiam.**

{¶1} On June 5, 2000, relator, Toledo Bar Association, filed a complaint charging respondent, Ronald D. Dewey of Toledo, Ohio, Attorney Registration No. 0061193, with violating DR 7-104(A)(1) (while representing a client, communicating on the subject of the representation with a party known to be represented by another lawyer). The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent had committed the charged violation, and we subsequently adopted the board's findings and recommendation and publicly reprimanded respondent. *Toledo Bar Assn. v. Dewey* (2001), 92 Ohio St.3d 419, 750 N.E.2d 1118.

{¶2} In 2000, respondent represented David Sabino, Sr. in a criminal case in the Lucas County Court of Common Pleas, as well as in a dependency, abuse, and neglect proceeding in the Lucas County Court of Common Pleas, Juvenile Division. Both of these cases involved allegations that Sabino had sexually abused

his minor child. On June 20, 2000, a juvenile court magistrate held a hearing in the dependency, abuse, and neglect proceeding. At the hearing, the minor child was represented by a guardian ad litem and an attorney, the minor child's mother was represented by counsel, and respondent represented Sabino.

{¶3} Subsequent to the June 20, 2000 juvenile court hearing, the mother of the minor child contacted respondent and expressed concern about the truthfulness of the child's allegations of abuse against Sabino. Respondent advised the mother that he would schedule a psychological evaluation of the child to determine whether the child was lying, and he warned the mother not to tell her attorney, the guardian ad litem, or anyone else about their conversation because he would "get in trouble." The psychological evaluation scheduled by respondent for July 8, 2000, did not occur after the guardian ad litem and the mother objected.

{¶4} A grievance was filed with relator concerning respondent's conduct, and respondent failed to respond to relator's inquiries about the grievance or otherwise cooperate with relator's investigation of the grievance.

{¶5} On April 9, 2001, relator filed a complaint with the board charging respondent with violating, inter alia, DR 7-104(A)(1) and Gov.Bar R. V(4)(G) (failing to cooperate in disciplinary investigation) in the Sabino matter. After respondent failed to answer, the matter was referred to a master commissioner under Gov.Bar R. V(6)(F)(2) on relator's motion for default judgment. In relator's motion, relator restricted its claims to the charged violations of DR 7-104(A)(1) and Gov.Bar R. V(4)(G) and withdrew the other charges contained in the complaint.

{¶6} The master commissioner found the facts as previously set forth and concluded that respondent's conduct violated DR 7-104(A)(1) and Gov.Bar R. V(4)(G). The master commissioner recommended, consistent with relator's recommendation, that respondent be suspended from the practice of law for one year with the second six months of the suspension stayed, but recommended the following conditions: (1) that there be no further violations of the Code of

Professional Responsibility for a period of two years, (2) that prior to the imposition of the stay, respondent comply with all mandatory continuing legal education requirements and in addition complete no fewer than four hours of approved continuing legal education in professional responsibility before imposition of the stay and during each reporting period during the probationary period, and (3) that respondent be responsible for the costs of the disciplinary action. The board adopted the findings of fact and conclusions of law of the master commissioner but instead recommended that, "based on the repeated offense and his attitude of total non cooperation," respondent be suspended from the practice of law for two years, with one year stayed upon the conditions specified by the master commissioner.

{¶7} We adopt the findings, conclusions, and recommendation of the board. In determining the appropriate sanction, Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline authorizes the board to consider prior disciplinary offenses and the lack of cooperation in the disciplinary process. BCGD Reg. 10(B)(1)(a) and (e). It may also consider all other relevant factors. BCGD Reg. 10(B). We may also consider these aggravating circumstances and all other relevant factors in deciding what sanction to impose. *Disciplinary Counsel v. Evans* (2000), 89 Ohio St.3d 497, 501, 733 N.E.2d 609.

{¶8} As the board found, although respondent's conduct here occurred before our public reprimand of him for a similar violation of DR 7-104(A)(1) in *Dewey*, 92 Ohio St.3d 419, 750 N.E.2d 1118, it occurred *after* relator filed a complaint charging respondent with violating DR 7-104(A)(1) in the previous disciplinary case. Despite being on notice that this conduct could constitute a violation of the Disciplinary Rules, respondent nevertheless proceeded to engage in similar conduct here by communicating directly with another party to the juvenile proceeding about the substance of the case, although he knew that the other party was represented by counsel. And once charged with this violation, respondent

failed to cooperate in the disciplinary process, ignoring several inquiries concerning a grievance arising from his actions.

{¶9} Based on the foregoing, the board's recommended sanction, i.e., a two-year suspension with one year stayed upon the specified conditions, is appropriate. We hereby suspend respondent from the practice of law for two years, with the final year stayed, provided that respondent (1) not further violate the Code of Professional Responsibility for the two-year period, (2) comply with all mandatory continuing legal education requirements and in addition complete no fewer than four hours of approved continuing legal education in professional responsibility before the imposition of the stay and during each reporting period required during the probationary period, and (3) be responsible for the costs of this disciplinary action. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Catherine G. Hoolahan and William C. Eickholt, for relator.

Ronald D. Dewey, pro se.

_____

4