TOLEDO BAR ASSOCIATION *v.* DEWEY.

[Cite as *Toledo Bar Assn. v. Dewey,*
98 Ohio St.3d 418, 2003-Ohio-1495.]

(No. 2002–2177—Submitted February 12, 2003—Decided April 9, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Ronald D. Dewey of Toledo, Ohio, Attorney Registration No. 0061193, was admitted to the practice of law in Ohio in May 1993. On April 8, 2002, relator, Toledo Bar Association, filed a complaint charging respondent with violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator filed a motion for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline reviewed the motion and made the following findings.

{¶ 2} A married couple retained respondent in 1998 to defend them against a lawsuit filed in the Lucas County Court of Common Pleas. They each attested that respondent did not provide them notice of various events, including the fact that discovery had been requested, that their responses were overdue, and that their depositions had been scheduled. Moreover, when the trial court ordered the couple to appear on contempt charges, respondent did not advise them to attend. According to the master commissioner's findings, respondent also failed to advise his clients that a mediation conference had been scheduled, that his clients had been cited for contempt, and that respondent had paid a $900 fine on their behalf. Relator's complaint made these allegations, but relator offered no evidence to prove them. Thus, we dismiss these allegations under Gov.Bar R. V(6)(F)(b), which requires "[s]worn or certified documentary prima facia evidence" in support of a motion for default.

{¶ 3} During the investigation of this misconduct, respondent supplied a number of letters to relator's counsel that he had supposedly sent to the wife

concerning developments in defense of the suit against the couple. The wife reviewed copies of these letters, but discovered that she had received only three or four of them.

{¶ 4} The master commissioner found that respondent's representation of these clients violated DR 1–102(A)(6) (conduct adversely reflecting on an attorney's fitness to practice law) and 6–101(A)(3) (neglect of an entrusted legal matter). The master commissioner also found a violation of DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) based on the wife's statement that she had not received all of the correspondence that respondent submitted to show that he had kept her notified. However, he also relied on the complaint allegation that the respondent's original file, as transferred to the clients' new attorney, did not contain such correspondence. We consider the proof that respondent fabricated letters insufficient because the record does not substantiate this allegation.

{¶ 5} In recommending a sanction for this misconduct, the master commissioner considered as an aggravating circumstance that respondent had twice before been the recipient of professional discipline. In *Toledo Bar Assn. v. Dewey* (2001), 92 Ohio St.3d 419, 750 N.E.2d 1118, respondent was publicly reprimanded for having discussed his client's case with other parties whom he knew to be represented by counsel, a violation of DR 7–104(A)(1). In *Toledo Bar Assn. v. Dewey*, 96 Ohio St.3d 148, 2002-Ohio-3608, 772 N.E.2d 630, we suspended respondent's license to practice law for two years, with one year stayed on conditions, for again having violated DR 7–104(A)(1). And to further aggravating effect, both of the prior cases were resolved through motions for default because respondent failed to answer those complaints, just as he failed to do here.

{¶ 6} The master commissioner recommended that respondent be suspended indefinitely from the practice of law. The board adopted his findings of misconduct and recommendation.

{¶ 7} On review, we agree that respondent violated DR 1–102(A)(6) and 6–101(A)(3). We also agree that respondent's repeated infractions and his failure to respond to ethics charges warrant an indefinite suspension. Respondent is therefore suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Catherine G. Hoolahan, William C. Eickholt, Jonathan B. Cherry and Robert S. Salem, for relator.